Per Curiam.
Respondent was admitted to practice by this Court in 2002 and resides in Thailand.
Petitioner moves to confirm a Referee’s report held after a hearing pursuant to this Court’s rules (see 22 NYCRR 806.5) to the extent that the Referee sustained the charges of the petition and to sustain any charges not sustained by the Referee. Respondent opposes the motion.
Upon our review of the report and the evidence, we find that respondent engaged in the unauthorized practice of law in Ohio in intra-family litigation (respondent was and is not admitted to practice in Ohio) and, during the course of his participation in the litigation, respondent engaged in conflicts of interest, behaved in an undignified and discourteous manner, and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.7 [a] [1], [2]; 3.3 [f] [2]; 5.5 [a]; 8.4 [c]). More specifically, the evidence showed that, in a matter filed in Ohio in 2010 with the named plaintiffs being respondent’s mother as beneficiary of a family trust and respondent as trustee of the *1378 trust, respondent engaged in full pleading, motion and discovery practice. He also engaged in a conflict of interest because his representation of the plaintiffs conflicted with the potentially differing interests of the trust and its beneficiaries; the conflict was exacerbated by evidence of self-serving financial dealings by respondent contrary to the interests of the trust beneficiaries. We find that respondent did not obtain the informed consent, in writing, that might have allowed his continued representation despite the conflict of interest. Further, the evidence showed that, in appellate papers, respondent made undignified and discourteous statements regarding judges and opposing parties and attorneys. Finally, respondent made untrue statements in his litigation papers in Ohio. We do not sustain charge I insofar as it alleges that respondent engaged in the unauthorized practice of law in Ohio in 2000 prior to his admission to the New York State bar or any bar for that matter, because such conduct is beyond petitioner’s jurisdiction. We also decline to sustain charge V Petitioner’s motion is granted to the extent consistent with our findings.
We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of six months.
Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in charge I, specification 5, and charges II, III and IV; specifications 1 through 4 of charge I and charge V are dismissed; and it is further ordered that petitioner’s motion is granted to the extent consistent with this memorandum and order; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent is directed to comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).